IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LESLEY J. BROWN**                                                                                           **PLAINTIFF**

v.                                                                                  CIVIL ACTION NO. 1:16-cv-315-MTP

**COMMISSIONER OF SOCIAL SECURITY**                                                **DEFENDANT**

## OPINION AND ORDER

Plaintiff Lesley J. Brown brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration denying her claim for disability insurance benefits. Having reviewed the parties' submissions, the record, and the applicable law, the Court finds that Plaintiff's Motion for Summary Judgment [13] should be granted in part and denied in part and that this matter should be remanded for further consideration.

## PROCEDURAL HISTORY

On July 30, 2013, Plaintiff applied for disability insurance benefits, alleging disability beginning on May 5, 2009,[1] due to fibromyalgia, sleep apnea, major depressive disorder, hypertension, vitamin D deficiency, chronic migraines, asthma, scoliosis, bulging discs, high cholesterol, abnormal mammogram, and hypersomnia. (Administrative Record [10] at 188). After the agency denied Plaintiff's claim, an Administrative Law Judge ("ALJ") held a hearing. ([10] at 67). On February 11, 2015, the ALJ issued a decision finding that Plaintiff was not disabled. ([10] at 20). On June 24, 2016, the Appeals Council denied Plaintiff's request for

---

[1] Subsequently, Plaintiff amended her disability onset date to May 25, 2013, the date she stopped working. ([10] at 27).

1

review, rendering the ALJ's decision the final decision of the Commissioner. ([10] at 6).
Plaintiff now seeks judicial review in this Court under 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S DECISION

In his February 11, 2015, decision, the ALJ applied the five-step sequential analysis set forth in 20 C.F.R. § 404.1520(b)-(f)[2] and determined that Plaintiff was not disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 25, 2013, her alleged disability onset date. At step two, the ALJ found that Plaintiff had the following severe impairments: complaints of headaches and fibromyalgia, cervical and lumbar disc disease, hypertension, obesity, and a history of an affective disorder and a personality disorder. At step three, the ALJ found that these impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. ([10] at 27).

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC")[3] to "perform light work as defined in 20 CFR 404.1567(b) except

---

[2] This analysis requires the ALJ to make the following determinations:
   (1) whether the claimant is presently engaging in substantial gainful activity (is so, a finding of "not disabled" is made);
   (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
   (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (is so, then the claimant is found to be disabled);
   (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
   (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (is so, the claimant is found to be disabled).
*See* 20 C.F.R. §§ 404.1520, 416.92. The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[3] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

with no climbing of ladders, ropes or scaffolds, occasional climbing or ramps or stairs, no concentrated exposure to excessive noise, no work around dangerous moving machinery or at unprotected heights and she is limited to the performance of simple, routine and repetitive tasks with occasional interaction with the public, coworkers and supervisors." The ALJ determined at step four that Plaintiff could not perform any past relevant work, but found at step five that jobs existed in significant numbers in the national economy that she could perform. Accordingly, the ALJ found that Plaintiff was not disabled. ([10] at 27-35).

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*. (citations omitted).

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell*, 862 F.2d at 475. If the decision is supported by substantial evidence, it is conclusive

and must be affirmed. *Selders,* 914 F.2d at 617.  Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

## ANALYSIS

Plaintiff raises the following issues for review: (1) whether the credibility determination is consistent with applicable legal standards or supported by substantial evidence and (2) whether the ALJ failed to develop the record regarding treating physician Dr. Grow's opinion as to the functional effects of Plaintiff's fibromyalgia.

*Credibility Determination*

Plaintiff argues that the ALJ erred in his evaluation of the subjective evidence of Plaintiff's alleged pain and other symptoms.  Before going from step three to step four of the five-step sequential analysis, an ALJ assesses a claimant's RFC.  As previously explained, a claimant's RFC assessment is a determination of the most the claimant can still do despite her physical and mental limitations and is based on all relevant evidence in the claimant's record. *See* 20 C.F.R. § 404.1545(a)(1).  The claimant's RFC is used at both steps four and five of the sequential analysis: at step four to determine if the claimant can still perform her past relevant work, and at step five to determine whether the claimant can adjust to any other type of work. *See* 20 C.F.R. § 404.1520(e).

In determining a claimant's RFC, an ALJ considers descriptions and observations of the claimant's limitations (including limitations that result from the claimant's symptoms, such as pain) provided by the claimant, family, neighbors, friends, or other persons. *See* 20 C.F.R. § 404.1545(a).  Social Security regulations prescribe a two-step process for evaluating subjective

4

complaints of pain and other symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p.[4]

Under the first step, the ALJ considers whether there is a medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms. The first step requires a claimant to produce objective medical evidence of an impairment and show that the impairment could reasonably be expected to (not that it did in fact) produce some degree of symptoms. *Newbauer v. Astrue*, 2012 WL 3727603, at *1 (S.D. Tex. Aug. 27, 2012) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996)). The first step "does not . . . entail a determination of the intensity, persistence, or functionally limiting effects of the claimant's asserted" symptoms. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996).

If the claimant meets the burden of showing an impairment that could reasonably be expected to produce the alleged symptoms, the ALJ moves on to the second step. At the second step, the ALJ determines the "intensity, persistence, or limiting effect" of the alleged symptoms. The second step requires the ALJ to consider the record as a whole, including both objective and subjective evidence. "[S]tatements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p. In addition to objective medical evidence, the ALJ must consider several other specific categories of evidence, including:

(1) the individual's daily activities;

---

[4] On March 16, 2016, SSR 96-7p was superseded by SSR 16-3p. SSR 96-7p, however, was in effect at the time the ALJ issued his decision. Absent explicit language to the contrary, administrative rules do not ordinarily apply retroactively, and SSR 16-3p does not explicitly state that it applies retroactively. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); *see also Howard v. Berryhill*, 2017 WL 551666, at *4 (N.D. Tex. Feb. 10, 2017). Regardless of which regulation is applicable, the Court's conclusions would not be altered.

5

(2) the location, duration, frequency, and intensity of the individual's symptoms;
(3) factors that precipitate and aggravate the symptoms;
(4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
(5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
(6) any measure other than treatment the individual uses or has used to relieve pain or other symptoms (e.g. lying flat on his back or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
(7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p.

In this action, Plaintiff testified that she has headaches, back and neck pain, pain "all over" from fibromyalgia, fatigue, memory loss, and an inability to focus. Plaintiff testified that she is unable to walk more than half a block, stand for more than five to ten minutes, or sit for more than thirty to sixty minutes. Plaintiff testified that she is unable to perform daily household chores and is unable to get out of bed at times. Plaintiff also testified that she drops things due to a lack of strength in her hands.

The ALJ made the following determination regarding Plaintiff's subjective complaints of pain, other symptoms, and limitations:

> In this case the claimant's allegations of debilitating symptoms and limitations are not credible. The objective medical evidence (diagnostic testing and objective medical findings on examinations) . . . does not establish conditions that could reasonably be expected to produce the very serious widespread pain, serious headaches, other symptoms and the very serious physical limitations that the claimant testified to at the hearing. The Judge again notes that there is nothing from a treating physician advising that the claimant is experiencing any significant physical limitations. Viewing all of the evidence together, the Judge finds that the claimant's subjective allegations of serious and debilitating symptoms and limitations cannot reasonably be accepted as consistent with the objective medical evidence and other evidence in the case record (as required by 20 CFR 404.1529 and 416.929).

([10] at 33).

Plaintiff argues that the ALJ "convoluted the analysis and combined both steps of the process." ([14] at 13). According to Plaintiff, the ALJ concluded his credibility determination at the first step and, in doing so, improperly considered whether the objective medical evidence supports the intensity, persistence, and/or limiting effect of Plaintiff's alleged symptoms rather than considering whether the objective medical evidence shows an impairment that could reasonably be expected to produce the alleged symptoms. Plaintiff also argues that the objective medical evidence does establish the existence of impairments that could reasonably be expected to produce Plaintiff's symptoms.

Defendant, however, argues that the ALJ "clearly considered both the first and second steps of the symptom severity analysis." ([15] at 7). According to Defendant, the ALJ found that the first step was satisfied and proceeded to the second step, where he found that Plaintiff's statements about the intensity and persistence of her symptoms were not supported by the record as a whole, including both objective and subjective evidence.

Contrary to Defendant's assertion, a reading of the ALJ's decision does not reveal that the ALJ clearly reached the second step of the credibility analysis. Instead, the ALJ's findings are ambiguous as to whether he reached the second step. For example, the ALJ appears to weigh the credibility of Plaintiff's allegations regarding the severity of her symptoms. The ALJ stated "the claimant's allegations of debilitating symptoms and limitations are not credible." ([10] at 33). The ALJ mentions that Plaintiff testified to having "very serious widespread pain, serious headaches, other symptoms and the very serious physical limitations." *Id*. The ALJ also mentioned that he considered the "objective medical evidence and *other evidence* in the case record." *Id.* (emphasis added).

Many of the ALJ's findings, however, suggest that he concluded his credibility determination at the first step. The ALJ focused exclusively on the objective medical evidence and found that it did not establish any serious physical abnormalities or limitations. ([10] at 28-29).[5] Among other records, the ALJ pointed to a state agency physician's finding that Plaintiff did not have a "severe" physical impairment. ([10] at 29). Additionally, he mentions statements made by Plaintiff's family but indicates that they should not be considered: "Such statements can be helpful where the objective medical evidence establishes conditions that can be reasonably expected to produce serious difficulties. They are not a substitute for such objective medical evidence." ([10] at 33).

If the ALJ intended to conclude his credibility determination at the first step, he failed to provide a sufficient basis for his conclusion. As previously mentioned, the ALJ found, at step two of the five-step sequential analysis, that Plaintiff had the following severe impairments: complaints of headaches and fibromyalgia, cervical and lumbar disc disease, hypertension, obesity, and a history of an affective disorder and a personality disorder. ([10] at 27). An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). An impairment is not severe "if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (citation omitted).

---

[5] The ALJ stated that "the objective medical evidence . . . has been unremarkable and does not establish any serious physical abnormalities." ([10] at 28). He also stated that "there is nothing from a treating physician advising that the claimant is experiencing any significant physical limitations." ([10] at 29).

The ALJ does not explain why he found Plaintiff's impairments to be severe but also found that the impairments could not reasonably be expected to cause Plaintiff's symptoms, without taking into account the alleged subjective qualities of the symptoms. For example, the ALJ does not explain why he found Plaintiff's cervical and lumbar disc disease to be severe but also found that such disease could not reasonably be expected to cause Plaintiff's back and neck pain. *See Crow v. Colvin*, 36 F. Supp. 3d 1255, 1260-61 (N.D. Ala 2014); *see also Richard v. Astrue*, 2012 WL 3279523, at *4 (W.D. Wash. Aug. 10, 2012).

If the ALJ intended to reach the second step of the credibility determination, he again failed to provide a sufficient basis for his conclusion. As previously discussed, the second step requires an ALJ to consider the record as a whole, including both objective and subjective evidence. The ALJ must consider the factors identified in SSR 96-7p.[6] "Pain alone can be disabling, even when its existence is unsupported by objective medical evidence if linked to a medically determinable impairment." *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981). The ALJ must consider the subjective evidence of pain, and failure to do so is reversible error. *Id*. The ALJ must "indicate the credibility choices made and the basis for those choices." *Id*. at 649.

The ALJ did not expressly mention the factors listed in SSR 96-7p, and his opinion does not demonstrate that he considered these factors or the subjective evidence of record. Additionally, his opinion does not indicate that he properly evaluated the factors and subjective evidence, but simply failed to articulate such evaluation. Defendant points out that the record contains evidence relevant to the factors listed in SSR 96-7p, such as evidence showing that

---

[6] *See*, *supra* at 5-6.

Plaintiff is able to cook, clean, and do laundry. ([15] at 9; [10] at 206). The ALJ, however, provided no indication that he considered such evidence. The ALJ concluded that Plaintiff's allegations were not credible in light of the objective medical evidence, without regard to the subjective evidence or the criteria set out in the regulations. In fact, the ALJ found that statements from family members were not helpful in the absence of objective medical evidence. ([10] at 33).

Plaintiff points to sufficient evidence in the record to demonstrate that the ALJ's failure to properly evaluate Plaintiff's subjective complaints constituted more than harmless error. *See Nemoede v. Astrue*, 2008 WL 4332521, at **7-8 (N.D. Tex. Sept. 22, 2008). Accordingly, remand is appropriate to allow a proper evaluation of the subjective evidence of Plaintiff's alleged pain and other symptoms utilizing the two-step process set forth in the regulations. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p.[7]

***Development of the Record***

Plaintiff also argues that the ALJ failed to develop the record regarding the opinion of Dr. Chelsea Grow, a treating physician. In November of 2013, Dr. Grow completed a fibromyalgia medical source statement indicating that Plaintiff had fibromyalgia, depression, migraines, and sleep apnea. ([10] at 655). Dr. Grow also identified Plaintiff's symptoms by choosing them from a list of possible symptoms. *Id*. According to Plaintiff, this medical source statement "appears to have not been submitted in its totality." ([14] at 15). Plaintiff states that "[o]nly the first page appears in the record and it does not seem that the rest of the form was submitted." ([14] at 10).

---

[7] In her Motion [13], Plaintiff requests that the Court direct the Commissioner to provide her a new administrative hearing, but the Court finds that the issue of whether a new hearing is necessary should be left to the discretion of the Commissioner.

Plaintiff argues that it was error for the ALJ to not to re-contact Dr. Grow or attempt to procure the rest of her opinion.

An ALJ has a duty "to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). This duty, however, can reasonably require only so much. "It is not unreasonable to require the claimant, who is in a better position to provide information about his medical condition, to do so." *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). "It is axiomatic that the claimant bears the burden of supplying adequate records and evidence to prove their claim of disability." *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004).

Plaintiff's argument is without merit. The record does not indicate that any relevant information from Dr. Grow was missing from the record. Plaintiff states that only the first page is in the record, but the form appears complete and is signed by Dr. Grow. The Court notes that the document's footer from a fax machine indicates that it is page 2 of 2, but Plaintiff provides no indication that the first page was relevant information. Plaintiff has failed to demonstrate that any additional information from Dr. Grow exists and has failed to establish that the ALJ had any duty to search for such information, especially considering that Plaintiff did not burden herself with such a quest.[8]

Furthermore, courts should not reverse the decision of an ALJ for failure to develop the record unless the claimant shows that he was prejudiced by such failure. *Carey*, 230 F.3d at 142. The record contains sufficient evidence for the ALJ to make a determination, and Plaintiff has not shown how the ALJ's failure to obtain the record has prejudice any substantive right.

IT IS, THEREFORE, ORDERED that:

---

[8] The Court notes that Plaintiff was represented by counsel at the administrative hearing.

1. Plaintiff's Motion for Summary Judgment [13] is GRANTED in part and DENIED in part as set forth herein;

2. This action is remanded to the Commissioner to allow a proper evaluation of the subjective evidence of Plaintiff's alleged pain and other symptoms; and

3. All other relief requested in Plaintiff's Motion [13] is DENIED.

SO ORDERED this the 21st day of September, 2017.

                                                  s/Michael T. Parker
                                                  UNITED STATES MAGISTRATE JUDGE